Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between the decedent-employee and the defendant-employer.
3. The PMA Group was the workers' compensation insurance carrier on the risk.
4. On 8 March 1994, the decedent-employee was killed in an automobile accident occurring in the course and scope of his employment with the defendant-employer.
5. At the relevant time, the decedent-employee was earning an average weekly wage that yields a compensation rate of $178.28.
********
Based upon all of the competent credible evidence of record, the Full Commission, with minor modifications, adopts the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FADO
1. The plaintiff is the thirty-eight year old widow of the decedent-employee. She lives in Murfreesboro and has no children.
2. The plaintiff operates a daycare center in her home. She is licensed to care for eight children, and had five children enrolled at the time of the hearing before the Deputy Commissioner.
3. The plaintiff testified that her monthly expenses, including those for operation of her daycare center, total around $700 to $800 per month. She testified that her average monthly income from the daycare center is $600. She did not present any exact figures. She is currently receiving $178.28 per week from the defendants, at least $700.00 monthly.
4. The plaintiff requested that she receive the death benefits to which she is entitled in a lump sum because she wants to buy a building in Murfreesboro and expand her daycare center. The building she wants to buy costs approximately $65,000 and needs upgrades. The owners of the building are willing to sell or lease. She has not applied for a loan to buy the building and does not know what the monthly rent would be if she leased.
5. The plaintiff leased the same building and operated a daycare center there from 1988 until around 1990 or 1991, when the owners wanted the building for another use. Her net weekly profits during that time were approximately $200 to $300, and increased at times when enrollment built up, for example, at the ends of the summers.
6. The plaintiff has not established that hers is an unusual case and that it would be in her best interest to require the defendants to pay the death benefits in a lump sum at this time.
********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
The plaintiff is not entitled to a lump sum payment of death benefits because she has not established that hers is an unusual case and that it would be in her best interest to require the defendants to pay the death benefits in a lump sum. N.C.G.S. § 97-44. This conclusion, however, does not bar plaintiff from reapplying for a lump sum payment of death benefits due to current or future circumstances that may justify a lump sum award.
********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. The plaintiff's request for a lump sum payment of death benefits for the reasons presented is DENIED.
2. Plaintiff is not barred from filing another application for a lump sum payment in the future.
3. Each side shall bear its own costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md